**PERKINS COIE LLP**
Bobbie J. Wilson, Cal. Bar No. 148317
*BWilson@perkinscoie.com*
Sunita Bali, Cal. Bar No. 274108
*SBali@perkinscoie.com*
Mara Boundy, Cal. Bar No. 287109
*MBoundy@perkinscoie.com*
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: (415) 344.7000
Facsimile: (415) 344.7050

Susan D. Fahringer, Cal. Bar No. 21567
*SFahringer@perkinscoie.com*
Lauren J. Tsuji, Cal. Bar No. 300155
*LTsuji@perkinscoie.com*
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN VANCE and TIM JANECYK, for themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 5:20-cv-04696-BLF<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO STAY CASE**<br><br>Date: February 18, 2021<br>Time: 9:00 a.m.<br>Location: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ................................................................................................................ 1
INTRODUCTION ....................................................................................................................... 1
STATEMENT OF ISSUE ........................................................................................................... 2
REQUEST FOR JUDICIAL NOTICE ....................................................................................... 2
BACKGROUND ........................................................................................................................ 2
       A.     Summary of Plaintiffs' Allegations ............................................................ 2
       B.     Similar BIPA Lawsuits Filed by Plaintiffs ................................................ 4
            1.     Lawsuits Against IBM ................................................................... 4
            2.     Lawsuits Against Microsoft and Amazon ..................................... 5
ARGUMENT .............................................................................................................................. 6
    I.     A stay of the instant case pending the outcome of *IBM* is warranted. .................... 6
       A.     Plaintiffs will not be harmed by a stay. ..................................................... 6
       B.     Google will suffer hardship if a stay is denied. ......................................... 8
       C.     A stay will simplify the factual and legal issues and promote the
             orderly course of justice. ............................................................................ 9
CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aliphcom v. Fitbit, Inc.*,
  154 F. Supp. 3d 933 (N.D. Cal. 2015) ...........................................................................6, 7, 10

*Cisco Sys., Inc. v. Chung*,
  No. 19-cv-07562-PJH, 2020 WL 2747772 (N.D. Cal. May 26, 2020) ....................................10

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ...................................................................................................6, 7

*Fallon v. Locke, Liddell & Sapp, LLP*,
  No. 04-cv-03210 RMW, 2007 WL 2904052 (N.D. Cal. Oct. 2, 2007) .....................................9

*Gustavson v. Mars, Inc.*,
  No. 13-cv-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ....................................9

*Hawai'i v. Trump*,
  233 F. Supp. 3d 850 (D. Haw. 2017) .........................................................................................8

*Jinni Tech Ltd. v. RED.com, Inc.*,
  No. C17-0217JLR, 2018 WL 5312200 (W.D. Wash. Oct. 26, 2018) .................................9, 10

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ...................................................................................................................7

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ................................................................................................6, 9

*McElrath v. Uber Techs., Inc.*,
  No. 16-cv-07241-JSC, 2017 WL 1175591 (N.D. Cal. Mar. 30, 2017) .....................................7

*Meras Eng'g, Inc. v. CH2O, Inc.*,
  No. C-11-0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013) .........................................7

*O'Hanlon v. 24 Hour Fitness USA, Inc.*,
  No. 15-cv-01821-BLF, 2016 WL 815357 (N.D. Cal. Mar. 2, 2016) ........................................2

*Ramos v. Cap. One, N.A.*,
  No. 17-cv-00435-BLF, 2017 WL 895635 (N.D. Cal. Mar. 7, 2017) ........................................7

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006) ......................................................................................................2

*Robledo v. Randstad US, L.P.*,
  No. 17-cv-01003-BLF, 2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) ......................................9

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*SST Millennium LLC v. Mission St. Dev. LLC*,
    No. 18-cv-06681-YGR, 2019 WL 2342277 (N.D. Cal. June 3, 2019) .................................9, 10

*United States v. Black*,
    482 F.3d 1035 (9th Cir. 2007) ...........................................................................................................2

*Vance v. IBM*,
    No. 20-cv-0057, 2020 WL 5530134 (N.D. Ill. Sept. 15, 2020) .....................................................5

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 18, 2021 at 9:00 a.m. or as soon thereafter as this Motion may be heard in the above-entitled court, located at 280 South First Street, San Jose, California, in Courtroom 3 - 5th Floor, Defendant Google LLC ("Google"), by and through its counsel of record, will and hereby does, move the Court for an order staying the case.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, the Declaration of Sunita Bali in Support of Defendant Google LLC's Motion to Dismiss Class Action Complaint and Motion to Stay Case, the pleadings and papers on file in this action and all related cases, any argument and evidence to be presented at the hearing on this Motion, and any other matters that may properly come before the Court.

**INTRODUCTION**

Google respectfully requests that the Court stay these proceedings pending the outcome of *Vance v. IBM*, No. 1:20-cv-00577, filed in the United States District Court for the Northern District of Illinois ("*IBM*"). Resolution of *IBM* will simplify the factual and legal issues in the instant litigation, avoid duplicative and cumbersome third-party discovery, and mitigate the risk of inconsistent rulings on identical issues of fact and law. *IBM* is brought on behalf of the same plaintiffs, represented by the same counsel, alleging the same claims under Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Further, in its recent motion to dismiss, IBM raised many of the same defenses that Google raises in its concurrently filed Motion to Dismiss Class Action Complaint. And both suits are based on the Diversity in Faces Dataset ("DiF Dataset"), which Plaintiffs allege was created by IBM and includes Plaintiffs' photos and Biometric Data.[1]

If a stay is not granted, key factual and legal questions—which will turn largely on third-party discovery from IBM—will need to be decided by both courts, creating significant risk of

---

[1] For convenience, Google uses the term "Biometric Data" in this Motion to refer to both "biometric identifiers" and "biometric information" as those terms are defined in BIPA.

inconsistent rulings. These key questions include threshold issues such as whether Plaintiffs consented to IBM's collection, use, or disclosure of their Biometric Data, whether Plaintiffs' data was indeed included in the DiF Dataset created by IBM, and whether the DiF Dataset contains Biometric Data as defined by BIPA. In light of the significant overlap in the cases and the efficiencies to be gained by allowing predicate issues regarding IBM's alleged conduct to be resolved in the litigation against IBM, a stay is warranted here.

## STATEMENT OF ISSUE

Should the Court stay the instant case pending resolution of Plaintiffs' BIPA suit against IBM concerning the DiF Dataset, in order to simplify the questions of fact and law to be determined in this case and reduce duplication and the risk of inconsistent rulings?

## REQUEST FOR JUDICIAL NOTICE

Google requests that in deciding this Motion, the Court consider Exhibits A through D to the Declaration of Sunita Bali in Support of Defendant Google LLC's Motion to Dismiss Class Action Complaint and Motion to Stay Case ("Bali Decl."), filed concurrently. Exhibits A through D are court filings from lawsuits brought by Plaintiffs against IBM, Amazon, and Microsoft, as well as a printout of the court's docket in *IBM*. Public records, including court documents, are proper subjects of judicial notice. *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Further, courts frequently take judicial notice of court documents and filings "[t]o determine what issues were actually litigated" in another proceeding. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, briefs, and transcripts, among other filings); *see also O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-cv-01821-BLF, 2016 WL 815357, at *3 (N.D. Cal. Mar. 2, 2016) (taking judicial notice of court filings when ruling on motion to stay). Thus, judicial notice of Exhibits A through D is proper.

## BACKGROUND

### A.      Summary of Plaintiffs' Allegations

Plaintiffs allege that Google obtained a dataset from IBM called the Diversity in Faces Dataset ("DiF Dataset"), which Google used to improve its facial recognition technology, making

1   its products and services that integrate such technology "more valuable in the commercial
2   marketplace." Compl. ¶¶ 55, 58.
3         The photos in the DiF Dataset allegedly came from Flickr, which is a photo-sharing
4   website. *Id.* ¶¶ 28, 40. Plaintiffs allege that in 2014, Flickr, through its parent company Yahoo!,
5   compiled a dataset of "approximately 100 million Flickr photographs" that included some images
6   of Illinois residents, including Plaintiffs (the "Flickr Dataset"). *Id.* ¶¶ 29, 32. Plaintiffs allege that
7   in April 2019, IBM "culled" "one million images" from the Flickr Dataset and created the DiF
8   Dataset. *Id.* ¶¶ 39-40. IBM allegedly did so in order to "improv[e] the ability of facial recognition
9   systems to fairly and accurately identify all individuals," as research had shown that existing
10  facial recognition technology was less accurate at identifying women and individuals with darker
11  skin tones. *Id.* ¶¶ 40, 33-37. Plaintiffs further allege that in creating the DiF Dataset, "IBM
12  scanned the facial geometry of each image contained in the dataset" and "created a
13  comprehensive set of annotations of intrinsic facial features." *Id.* ¶ 41 (internal quotations
14  omitted). Although Plaintiffs do not clearly allege what specific data collected by IBM constitutes
15  biometric identifiers and information under BIPA, they generally contend that "[t]he Diversity in
16  Faces Dataset contained the biometric identifiers and information of Plaintiffs and Class
17  members." *Id.* ¶ 44; *see also id.* ¶ 46. Plaintiffs further contend that IBM never sought nor
18  received consent from Plaintiffs to "perform scans of their facial geometries," or to collect, store,
19  or use their Biometric Data. *Id.* ¶ 45.
20        Plaintiffs claim that IBM offered its DiF Dataset to other companies that developed and
21  used facial recognition technology, and that the information provided to companies "included the
22  biometric identifiers and information extracted from each photograph," "links to each photograph
23  on Flickr," and information sufficient for companies to identify the Flickr user who uploaded the
24  photograph to Flickr and to communicate with them via Flickr's direct message system. *Id.* ¶¶ 47,
25  50-51, 61, 63-65, 69, 71-73. Plaintiffs allege that Google could have, but did not, obtain their
26  consent to use their Biometric Data. *Id.* ¶¶ 61, 63-65, 69, 71-73.
27        Plaintiffs allege that IBM provided the DiF Dataset to Google, which Google used to
28  improve its facial recognition technology. *Id.* ¶¶ 55, 57-58. Plaintiffs allege that the DiF Dataset

made Google's facial recognition "products and technologies more valuable in the commercial marketplace." *Id.* ¶ 58.

Plaintiffs assert two claims under BIPA: (1) violations of BIPA 14/15(b), which requires notice and consent prior to collecting or otherwise obtaining a person's Biometric Data, and (2) violations of BIPA 14/15(c), which prohibits a private entity from selling, leasing, trading, or otherwise profiting from a person's Biometric Data. *Id.* ¶¶ 92-105. They also allege claims for unjust enrichment and injunctive relief. *Id.* ¶¶ 106-121. Plaintiffs purport to bring these claims on behalf of themselves, as well as a putative class of "[a]ll Illinois residents whose faces appear in the Diversity in Faces Dataset obtained by Defendant Google." *Id.* ¶ 82.

### B. Similar BIPA Lawsuits Filed by Plaintiffs

#### 1. Lawsuits Against IBM

In January 2020, Plaintiffs Vance and Janecyk filed two, nearly identical putative class actions against IBM related to its creation of the DiF Dataset: *Vance v. International Business Machines Corp.*, filed in the Northern District of Illinois, and *Janecyk v. International Business Machines Corp.*, filed in the Circuit Court of Cook County, Illinois. In February 2020, after *Janecyk* was removed to federal court, the cases were consolidated and assigned to the Honorable Charles P. Kocoras. *See* Bali Decl., Ex. B ("*IBM* ECF").

The operative consolidated complaint against IBM alleges many of the same facts set forth in Plaintiffs' Complaint against Google. *See* Bali Decl., Ex. A ("*IBM* Compl."). For example, it alleges that Plaintiffs uploaded photos of themselves to Flickr (*id.* ¶¶ 23, 30); that Flickr made those photos available to IBM (*id.* ¶¶ 24, 31); and that IBM subsequently collected, captured, and otherwise obtained Plaintiffs' Biometric Data from those photos (*id.* ¶¶ 25, 32, 40-46), which it then incorporated into the DiF Dataset that was provided to third-party companies (*id.* ¶ 47). Based on this conduct, Plaintiffs claim that IBM violated BIPA Sections 14/15(a) (by failing to develop a publicly available retention policy and deletion schedule), 14/15(b) (by collecting, capturing, and otherwise obtaining individuals' biometric identifiers and information without obtaining informed written consent), 14/15(c) (by unlawfully profiting from individuals' biometric identifiers and information), 14/15(d) (by disclosing, redisclosing, and otherwise disseminating

individuals' biometric identifiers and information), and 14/15(e) (by failing to protect from disclosure individuals' biometric identifiers and information). *Id.* ¶¶ 69, 76, 83, 90, 97.

In April 2020, IBM moved to dismiss the consolidated complaint on many of the same grounds upon which Google seeks dismissal here—that application of BIPA to IBM's alleged conduct would violate Illinois' extraterritoriality doctrine and the dormant Commerce Clause, that BIPA does not apply to information derived from photographs, that Plaintiffs' unjust enrichment claim is insufficiently pleaded, and that injunctive relief is not an independent cause of action. *See Vance v. IBM*, No. 20-cv-00577, 2020 WL 5530134, *3-*5 (N.D. Ill. Sept. 15, 2020); *see also* Defendant Google LLC's Motion to Dismiss Class Action Complaint, concurrently filed.

On September 15, 2020, the Court ruled on IBM's motion granting it in part and denying it in part. *See IBM*, 2020 WL 5530134, at *4-5. The Court concluded that it was premature to rule on IBM's extraterritoriality and dormant Commerce Clause arguments, finding that discovery was needed to determine the extent to which the alleged acts occurred in Illinois and that a more developed record would also enable the court to assess whether IBM would be forced *de facto* to apply BIPA nationwide in order to comply with BIPA in Illinois. *Id.* at *3-*4. The Court denied IBM's motion to dismiss on the grounds that BIPA does not apply to information derived from photographs, finding that the complaint sufficiently alleged the collection of Biometric Data (*id.* at *4-*5). The Court also found Plaintiffs' unjust enrichment claim sufficiently pleaded (*id.* at *5). The Court dismissed Plaintiffs' claim for injunctive relief, finding that it was a remedy and not a cause of action. *Id.*

**2.     Lawsuits Against Microsoft and Amazon**

On July 14, 2020—as the motion to dismiss in *IBM* was pending—Plaintiffs Vance and Janecyk filed three additional putative class actions against companies that allegedly obtained the DiF Dataset from IBM: *Vance et al. v. Microsoft Corporation*, No. 2:20-cv-01082-JCC-MAT ("*Microsoft*") and *Vance et al. v. Amazon.com Inc.*, No. 2:20-cv-01084-RAJ ("*Amazon*") in the Western District of Washington, and this action against Google in the Northern District of California. All three cases allege violations of BIPA 14/15(b) and (c), and all three recite substantively similar allegations regarding the defendants' conduct—namely, that defendants

-5-

received the DiF Dataset (which included Plaintiffs' Biometric Data) from IBM, and used it to improve their facial recognition technology, making their products and technology more valuable.[2]

## ARGUMENT

### I.  A STAY OF THE INSTANT CASE PENDING THE OUTCOME OF *IBM* IS WARRANTED.

The Court should stay this case pending the outcome of *IBM*. "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In determining whether a stay is appropriate, courts consider (1) the possible damage that may result from a stay; (2) the hardship or inequity that may result if the litigation moves forward; and (3) the "orderly course of justice, including whether it would simplify or complicate factual and legal issues in the pending litigation." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation and quotation omitted). Here, each of the *Lockyer* factors weigh in favor of a stay.

#### A.  Plaintiffs will not be harmed by a stay.

"Courts . . . are generally unwilling to presume delay is harmful without specific supporting evidence." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2015).

---

[2] *See, e.g.*, Bali Decl., Ex. C ("*Amazon* Compl.") at ¶¶ 64-65 ("Defendant Amazon obtained the [DiF Dataset] in order to improve the fairness and accuracy of its facial recognition products and technologies [and] profited from the biometric identifiers and information contained in the [DiF Dataset] because those biometric identifiers and information allowed Amazon to improve its facial recognition products and technologies . . ."); Bali Decl., Ex. D ("*Microsoft* Compl.") at ¶¶ 57-58 ("Defendant Microsoft obtained the [DiF Dataset] in order to improve the fairness and accuracy of its facial recognition products and technologies [and] profited from the biometric identifiers and information contained in the [DiF Dataset] because those biometric identifiers and information allowed Microsoft to improve its facial recognition products and technologies . . .").

1    Instead, Plaintiffs must point to at least a "fair possibility" of harm if the case is stayed. *See*
2    *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Plaintiffs cannot point to any such harm here.
3          Perhaps most importantly, this is not a scenario where Plaintiffs must sit idly by while
4    other parties litigate issues that bear upon their legal rights. *Id.* at 254-55 ("Only in rare
5    circumstances will a litigant in one cause be compelled to stand aside while a litigant in another
6    settles the rule of law that will define the rights of both."). Here, the very same Plaintiffs (and
7    counsel) are prosecuting the case against IBM, and thus Plaintiffs Vance and Janecyk are very
8    much able "to participate in proceedings that will decide key legal questions affecting [their]
9    rights." *Meras Eng'g, Inc. v. CH2O, Inc.*, No. C-11-0389 EMC, 2013 WL 146341, at *4 (N.D.
10   Cal. Jan. 14, 2013) (finding that plaintiff's not being a party to both cases was sufficient to show
11   harm); *CMAX*, 300 F.2d at 269 n.8 (affirming stay where party opposing stay was a litigant in
12   both actions and so could assert its arguments and positions). Further, any "generalized risk of
13   delayed litigation is minimized by the fact that the [*IBM*] proceeding is moving forward" and
14   resolving substantially similar claims and issues that will also bear on this case. *Aliphcom*, 154 F.
15   Supp. 3d at 938 (finding no harm from stay). Plaintiffs' case against IBM is proceeding apace: the
16   majority of Plaintiffs' claims survived IBM's motion to dismiss, including their BIPA claims, the
17   discovery period is likely open or will open soon, and Plaintiffs' counsel have been appointed
18   interim lead counsel. *See IBM* ECF Nos. 46, 48.
19         And there is very little risk of loss of evidence if a stay is granted. *Ramos v. Cap. One,*
20   *N.A.*, No. 17-cv-00435-BLF, 2017 WL 895635, at *3 (N.D. Cal. Mar. 7, 2017) (noting risk to
21   evidence and fading witness memories with passage of time). As an initial matter, proving or
22   disproving the allegations in the Complaint is likely to involve largely documentary evidence—
23   such as policies and data practices that could show compliance with BIPA or written contracts
24   and releases which might establish consent or otherwise limit liability—which can be preserved.
25   *See McElrath v. Uber Techs., Inc.*, No. 16-cv-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal.
26   Mar. 30, 2017) (finding no harm from stay where the case turned on documentary evidence
27   "rather than the unrecorded memories of witnesses"). Moreover, Plaintiffs will be able to seek
28   discovery now, directly from IBM, regarding whether Plaintiffs' Biometric Data was collected by

-7-

1  IBM, the companies to which such data was disclosed, and the circumstances relating to such
2  disclosure (including any applicable contracts). Plaintiffs can also seek third-party discovery from
3  Flickr/Yahoo! as needed on issues related to Plaintiffs' consent to the alleged use and disclosure
4  of their Flickr photos. Indeed, the vast majority of evidence relevant to Plaintiffs' claims and
5  Google's defenses in this case is in the possession of IBM and Flicker/Yahoo!. And of course,
6  Google will agree to take reasonable steps to preserve any relevant evidence in its possession.
7      Because Plaintiffs cannot point to a fair possibility of harm, the case should be stayed.
8      **B.    Google will suffer hardship if a stay is denied.**
9      In contrast to Plaintiffs, Google will be harmed if a stay is not granted. Litigating this case
10 at the same time as *IBM* will result in significant duplication and presents the risk of inconsistent
11 rulings. *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017) (finding duplicative
12 litigation and the risk of inconsistent rulings warranted stay).
13     As to duplication, because *IBM* and *Google* raise so many of the same factual and legal
14 issues, there will be myriad discovery requests and motions in both actions that seek to ascertain
15 the same facts and resolve the same questions of law. For example, the *IBM* court will be asked to
16 decide questions such as (1) whether Plaintiffs' photos and other data were included in the DiF
17 Dataset, (2) the nature and scope of any contractual agreements between Plaintiffs, Flickr/Yahoo!,
18 and IBM, (3) where the relevant conduct (including IBM's creation of the DiF Dataset) occurred,
19 (4) whether the information that IBM allegedly collected from Plaintiffs' photos constitute
20 Biometric Data under BIPA, and (5) whether Plaintiffs consented to such collection and any
21 subsequent disclosure, just to name a few. All of these issues can be resolved in *IBM* without
22 Google's involvement. In contrast, the evidence relevant to proving or disproving these predicate
23 issues is entirely in IBM's and Flickr's hands. Requiring Google to defend the instant suit now
24 will force it to engage in substantial third-party discovery only to obtain evidence that will likely
25 be produced in *IBM* as IBM mounts many of the same defenses Google will raise here. As such,
26 if a stay is not granted, Google could "be required to defend a large class action and undergo
27 discovery which could be rendered moot" by a ruling in *IBM* on one of the issues shared by both
28

actions. *See Robledo v. Randstad US, L.P.*, No. 17-cv-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) (granting motion to stay).

Indeed, given the overlap in the allegations and claims at issue, there is a significant risk of inconsistent rulings. *See SST Millennium LLC v. Mission St. Dev. LLC*, No. 18-cv-06681-YGR, 2019 WL 2342277, at *5 (N.D. Cal. June 3, 2019) (finding risk that arbitrator could find no primary liability while the court could find secondary liability a "clear case of hardship or inequity") (citation omitted). For example, there is a possibility that the Illinois court will find that the data collected by IBM does not constitute Biometric Data regulated by BIPA, but this Court finds that Google's possession of that same data implicates BIPA. Likewise, there is the risk of inconsistent rulings on the issue of consent. The Illinois court might find that Plaintiffs consented to the disclosure of their Flickr photos and any subsequent use of those photos by IBM, whereas this Court, perhaps based on a less developed record given that IBM is not a party here, may reach the opposite conclusion. There is also a real risk that the courts could rule inconsistently on the issue of whether Plaintiffs' Illinois residency and alleged uploading of photos to Flickr from Illinois constitutes a sufficient connection to Illinois to give rise to BIPA claims even if other relevant conduct occurred outside of Illinois.

Thus, this risk of inconsistent rulings coupled with the duplication of litigation presents "a clear case of hardship" to Google. *Lockyer*, 398 F.3d at 1112.

### C. A stay will simplify the factual and legal issues and promote the orderly course of justice.

Under the third *Lockyer* factor, "considerations of judicial economy are highly relevant." *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (finding judicial economy weighed in favor of stay). And so, if resolution of another matter "will help decide the factual and legal issues before the court," the third *Lockyer* factor weighs in favor of a stay. *Jinni Tech Ltd. v. RED.com, Inc.*, No. C17-0217JLR, 2018 WL 5312200, at *6 (W.D. Wash. Oct. 26, 2018). This is true "[e]ven if the other proceedings do not control the outcome in the action before the court." *Fallon v. Locke, Liddell & Sapp, LLP*, No. 04-cv-03210 RMW, 2007 WL 2904052, at *3 (N.D. Cal. Oct. 2, 2007) (citation omitted) (considering stay

-9-

pending arbitration); *Aliphcom*, 154 F. Supp. 3d at 939 ("[A]lthough this Court is not bound by the ITC's determination, this Court would benefit from its final decision[.] . . . The ITC's consideration of issues relevant to this case thus will inform, and likely narrow, the scope of the issues to be decided here."); *Jinni Tech*, 2018 WL 5312200, at *6 ("Even though the issues in the California case are not identical to the issues here, the court finds that resolution of the California case will help decide the factual and legal issues before the court.").

As discussed above, this case and *IBM* raise a number of the same factual and legal issues, including several predicate issues that could impact the scope of this case. More specifically, the overlapping factual issues include:

- What information is included in the DiF Dataset allegedly created by IBM, including what, if any, of Plaintiffs' information is included (*i.e.*, photographs, identifying information, Biometric Data, etc.);
- Whether Plaintiffs or members of the proposed class provided consent to Flickr to use photographs uploaded to the platform and the scope of any such consent;
- Where the relevant conduct occurred, including but not limited to where the alleged Biometric Data was collected by IBM; and
- What contractual agreements govern the relationships between Plaintiffs and Flickr/Yahoo!, Plaintiffs and IBM, and IBM and Flickr/Yahoo!.

The overlapping legal issues include:

- Whether the DiF Dataset includes Biometric Data within the meaning of BIPA;
- Whether any terms of service or other notices or agreements between Flickr or IBM and Plaintiffs satisfies BIPA's notice and consent requirements;
- Whether any terms of service or other notices or agreements between Flickr/Yahoo! and Plaintiffs or Flickr/Yahoo! and IBM authorized any of the conduct at issue, including IBM's provision of the DiF Dataset to Google;
- Whether any such agreements contain any applicable limitations on liability; and
- Whether there is a sufficient connection to Illinois to warrant application of BIPA.

The efficiencies to be gained by deciding these issues once warrant a stay. *SST Millennium*, 2019 WL 2342277, at *5 ("[G]iven the interdependence and identical nature of plaintiffs' claims against each defendant, resolution of plaintiffs' claims against [the defendant in one action] will simplify issues, proof, and questions of law with respect to the claims" at issue in the other.)

-10-

(citation and quotation omitted); *see also Cisco Sys., Inc. v. Chung*, No. 19-cv-07562-PJH, 2020 WL 2747772, at *13 (N.D. Cal. May 26, 2020) ("[A] core issue in this litigation—whether the information purportedly misappropriated by defendants qualifies as trade secrets—poses numerous threshold issues that must be decided both by [the] arbitrator and this court. Given the nature of those issues (i.e., mixed questions of legal fact), the court acknowledges the possibility of inconsistent rulings.").

Thus, because the third *Lockyer* factors weigh in favor of a stay, Google respectfully requests that the Court stay this case pending resolution of *IBM*.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its motion and stay the case pending resolution of *IBM*.

DATED: September 23, 2020           **PERKINS COIE LLP**

By:  */s/ Bobbie J. Wilson*
       Bobbie J. Wilson

Bobbie J. Wilson, Cal. Bar No. 148317
*BWilson@perkinscoie.com*
Sunita Bali, Cal. Bar No. 274108
*SBali@perkinscoie.com*
Mara Boundy, Cal. Bar No. 287109
*MBoundy@perkinscoie.com*
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Susan D. Fahringer, Cal. Bar No. 162978
*SFahringer@perkinscoie.com*
Lauren J. Tsuji, Cal. Bar No. 300155
*LTsuji@perkinscoie.com*
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Attorneys for Defendant
GOOGLE LLC