UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN VANCE, et al., <br><br>      Plaintiffs, <br><br>      v. <br><br> GOOGLE LLC, a Delaware limited liability company <br><br>      Defendant. | Case No.  5:20-CV-04696-BLF <br><br> **ORDER GRANTING MOTION TO STAY AND TERMINATING MOTION TO DISMISS** <br><br> [Re:  ECF 33, 34] |

Before the Court is Defendant Google LLC's ("Google") motion to stay all proceedings in this action until the resolution of *Vance v. International Business Machines, Corporation* ("*IBM* action"), currently before the U.S. District Court for the Northern District of Illinois. No. 1:20-CV-0577, ECF 1. For the reasons set forth below, the Court GRANTS Google's motion.

**I.      BACKGROUND**

On January 24, 2020, Plaintiffs Steven Vance and Tim Janecyk (collectively, "Vance") filed suit in the U.S. District Court for the Northern District of Illinois, alleging that International Business Machines, Corporation ("IBM") violated the Illinois Biometric Information Privacy Act ("BIPA"). *See* Opp., ECF 42 at 2. *Id.* BIPA prohibits private entities from collecting, capturing, obtaining, disclosing, redisclosing, disseminating or profiting from the biometric identifiers or information of an individual without providing written notice and without obtaining a written release from the impacted individual or his authorized representative. 740 Ill. Comp. Stat. § 14/15. BIPA defines biometric identifiers as including a scan of an individual's facial geometry and biometric information as any information "based on an individual's biometric identifier used to identify an individual." *Id*. § 14/10.  BIPA creates a private right of action that allows a plaintiff to recover liquidated damages ranging from $1,000 to $5,000, attorney's fees, and injunctive relief.

*Id*. § 740/20.

## A. The *IBM* Action

The facts of the *IBM* action are alleged as follows. In 2008, Vance uploaded photos of himself and his family members to Flickr from his computer in Illinois. Lange Declaration ("Lange Decl."), ECF 42-1, Ex. B ¶ 23 ("*IBM* Complaint").  Flickr subsequently made Vance's photos, as well as millions of other people's photos, available to IBM in a single downloadable dataset ("Flickr dataset"). *Id.* ¶ 40. IBM captured biometrics from these photographs by scanning the faces and extracting geometric data relating to the contours of the faces. *Id*. It used this data to create its own dataset of "frontal-facing images of human faces" ("IBM dataset"). *Id.* ¶¶ 41-46. In 2019, IBM included images from the IBM Dataset into a larger dataset it created known as the "Diversity in Faces" dataset ("DiF dataset"). *Id.* ¶ 47. Vance alleges IBM used the DiF dataset to profit "from the biometric identifiers and information of Plaintiffs and Class Members" in violation of BIPA, among other things. *Id.* ¶ 52.

Vance brought seven causes of action against IBM: (1) violation of BIPA § 14/15(a) by wrongfully possessing Vance's biometric identifiers; (2) violation of BIPA § 14/15(b) by wrongfully collecting biometric identifiers; (3) violation of BIPA § 14/15(c) by wrongfully profiting from biometric identifiers; (4) violation of BIPA § 14/15(d) by wrongfully disclosing biometric identifiers; (5) violation of BIPA § 14/15(e) by wrongfully failing to protect biometric identifiers from disclosure; (6) unjust enrichment; and (7) injunctive relief. *IBM* Complaint ¶¶ 68-118. On September 15, 2020, the Northern District of Illinois dismissed Vance's causes of action under BIPA § 14/15(a) and for injunctive relief and allowed the other claims to proceed. *Vance v. Int'l Bus. Machines, Corp.,* No. 20 C 577, 2020 WL 5530134, *6 (N.D. Ill. Sept. 15, 2020). Discovery in the *IBM* action is set to close on July 28, 2021. Lange Decl., ECF 42-1, Ex D.

## B. Other Related Cases

In addition to the *IBM* action, Vance has filed three other class action BIPA suits.  On July 14, 2020, Vance filed a BIPA class action against Microsoft Corporation ("*Microsoft* action") in the Western District of Washington. Lange Decl., ECF 42-1, Ex. E.  The *Microsoft* action alleges that Microsoft Corporation obtained the DiF dataset from IBM and used biometric identifiers

1   contained therein in violation of BIPA. *Id.* ¶ 55.  On July 14, 2020, Microsoft Corporation filed a
2   motion to dismiss, which, as of February 8, 2021, has not yet been adjudicated. No. 2:20-CV-
3   01082, ECF 25.
4          On July 14, 2020, Vance filed a BIPA class action suit against Amazon.com, Inc.
5   ("*Amazon* action") in the Western District of Washington. Lange Decl. ECF 42-1, Ex. F.  As in the
6   *Microsoft* action, Vance claims Amazon.com, Inc. obtained the DiF dataset from IBM and used
7   biometric identifiers in violation of BIPA. *Id.* ¶ 61.  Amazon.com, Inc. filed a motion to dismiss,
8   which, as of February 8, 2021, has not yet been adjudicated. No. 2:20-CV-01084, ECF 18.
9          Finally, also on July 14, 2020, Vance filed a class action BIPA suit against FaceFirst, Inc.
10  ("*FaceFirst* action") in the Central District of California. Lange Decl., ECF 42-1, Ex. G. As in the
11  *Microsoft* and *Amazon* actions, Vance claims FaceFirst, Inc. obtained the DiF dataset from IBM
12  and used biometric identifiers in violation of BIPA. *Id.* ¶ 55.  Facefirst, Inc. filed a motion to
13  dismiss and a motion to stay, neither of which have been adjudicated as of February 8, 2021. No.
14  2:20-CV-06244, ECF 53, 54.
15         Neither Amazon.com, Inc. nor Microsoft Corporation has requested a stay in their
16  respective action, but FaceFirst, Inc. has requested a stay in the *FaceFirst* action.

**C.  The Instant Case**

18         On July 14, 2020, Vance filed the instant suit against Google. *See* Compl., ECF 1.  Vance
19  seeks to represent a class of "all Illinois residents" whose faces are in or depicted in the DiF
20  dataset photo sharing service which it alleges was passed from IBM to Google in violation of
21  BIPA. *See* Compl. ¶¶ 29, 40, 55, 82; Lange Decl., ECF 42-1, Ex. A ¶ 44. The complaint alleges
22  four causes of action against Google: (1) violation of BIPA § 14/15(b); (2) violation of BIPA §
23  14/15(c); (3) unjust enrichment; and (4) injunctive relief.  Compl. ¶¶ 92, 99,106, 116.

**II.  JUDICIAL NOTICE**

25         Google requests the Court judicially notice four documents filed in federal courts outside
26  of the Northern District of California: (A) Vance's second amended class action complaint in the
27  *IBM* action; (B) a print out of the docket in the *IBM* action; (C) Vance's class action complaint in
28  the *Amazon* action; and (D) Vance's class action complaint in the *Microsoft* action. *See* ECF 34,

Exs. A-D.

Vance requests the Court judicially notice documents filed in federal courts outside of the Northern District of California as well as six documents filed in state court in Cook County, Illinois: (A) Vance's class action complaint in the *IBM* action; (B) Vance's second amended class action complaint in the *IBM* action; (C) IBM's memorandum in support of its motion to dismiss Vance's complaint in the *IBM* action; (D) the October 12, 2020 scheduling order in the *IBM* action; (E) Vance's class action complaint in the *Microsoft* action; (F) Vance's class action complaint in the *Amazon* action; (G) Vance's class action complaint in the *FaceFirst* action; (H) an October 23, 2020 copy of the docket for the *Microsoft* action; (I) an October 23, 2020 copy of the docket for the *Amazon* action; (J) the October 21, 2020 scheduling order for the *Microsoft* action; and (K) which includes: (1) an order from *Mutnick v. Clearview AI, Inc., et al.*, No. 1:20-CV-00512 (N.D. Ill May 19, 2020), ECF 61; (2) *Grabawska v. The Millard Group, LLC*, No. 2017 CH 13730 (Cir. Ct. Cook Cty. Apr. 3, 2018) (Flynn, J.), Order Denying Stay; (3) *Fields v. ABRA Auto Body & Glass LP*, No. 2017 CH 12271 (Cir. Ct. Cook Cty. Mar. 3, 2018) (Mitchell, J.), Case Management Order; (4) *Sharrieff v. Raymond Mgmt. Co., Inc. et al.*, No. 2018 CH 01496 (Cir. Ct. Cook Cty. May 8, 2018) (Cohen, J.), Order Granting Motion to Submit Excess Pages and Denying Motion to Stay; (5) *Thome v. Flexicorps, Inc.*, No. 2018 CH 01751 (Cir. Ct. Cook Cty. May 8, 2018) (Demacopoulos, J.), Order Denying Motion to Stay; (6) *Freeman v. Alliance Ground Int'l*, No. 2017 CH 13636 (Cir. Ct. Cook Cty. May 8, 2018) (Demacopoulos, J.), Order Denying Motion to Stay; and (7) *Morris v. Wow Bao LLC*, No. 2017 CH 12029 (Cir. Ct. Cook Cty. May 8, 2018), (Valderrama, J.), Order Granting Defendant's Motion for Leave to Respond to Motion for Stay. *See* ECF 42-1, Exs. A-K.

Courts may properly take judicial notice of other court filings and matters of public record. *Reyn's Pasta Bella*, *LLC v*. *Visa USA*, *Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth*. *v*. *City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)). The parties have neither opposed the requests for judicial notice nor disputed the authenticity of the documents. The Court GRANTS both requests for judicial notice.

4

### III. LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936)). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis,* 299 U.S. at 254. The Court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case*." Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 863-64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863-64.

Courts in this district have routinely granted stays where there are overlapping issues of fact or law with a case before different district courts or on appeal. *See, e.g., McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591 (N.D. Cal. Mar. 30, 2017) (granting a stay pending appeal of another case with similar factual and legal issues); *Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) (same); *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760 (N.D. Cal. Feb 12, 2019) (granting a stay pending resolution of another underlying action).

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are [1] the possible damage which may result from the granting of the stay, [2] the hardship or inequity which a party must suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating the issues, proof, and questions of law which could be expected to result from the stay." *Id.* (brackets in original). In addition, the "proponent of a stay bears the burden establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*,

5

299 U.S. at 255).  "If there is even a fair possibility that a stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway*, 498 F.3d at 1066 (internal quotation marks omitted) (citing *Landis*, 299 U.S. at 255).

## IV. DISCUSSION

### A. Motion to Stay

The Court now weighs the *Landis* factors: the possible damage to the non-moving party, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice. *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55).

#### 1. Possible Damage from Granting Stay

The Court first determines the possible damage to the non-moving party that could arise from a stay. Harm may occur when a court asks one litigant, "to stand aside while a litigant in another court settles the rule of law that will define the rights of both."  *Landis*, 299 U.S. at 255. "Courts, however, are generally unwilling to presume delay is harmful without specific supporting evidence. For example, courts have relied on delay as a reason to deny a stay where the plaintiff is seeking injunctive relief and a delay of months or years would allow the defendant to continue infringing a patent. Similarly, courts have found persuasive the opposing party's argument that a delay will result in the loss of documentary or testimonial evidence." *Aliphcom*, 154 F. Supp. 3d at 938 (internal citations omitted).

Google argues this factor favors granting a stay because "this is not a scenario where Plaintiffs must sit idly by while other parties litigate issues that bear upon their legal rights." Mot. 7.  In this instance, Plaintiffs and their attorneys are identical in both actions. Google also argues there is little risk of evidence loss if a stay is granted because "the vast majority of evidence relevant to Plaintiffs' claims and Google's defenses in this case is in the possession of IBM and Flicker/Yahoo!" and it will take reasonable steps to preserve any relevant evidence in its possession. *Id*. 8. Vance responds that an indefinite stay will allow Google to "continue[] to use and profit from [Vance's] biometric data" in violation of BIPA and that Google cannot prevent the degradation of testimonial evidence. Opp'n 6-10. The parties also dispute whether Vance's request

for an injunction prevents the Court from issuing stay. *See* Opp'n 6; Reply, ECF 55 at 4.

As an initial matter, the Court agrees with Google that a party's prayer for an injunction does not preclude a court from issuing a stay. The facts of *Lockyer* diverge sharply from the ones before the Court. *Lockyer* involved the California Attorney General's antitrust lawsuit against an electric-power producer. The defendant had filed a Chapter 11 bankruptcy petition in Texas, and sought to stay the ongoing antitrust proceedings in the California district court pursuant to the district court's inherent discretionary power. Importantly, the automatic bankruptcy stay did not apply to the case, given that the action involved the state's "police or regulatory power" within the meaning of 11 U.S.C. § 362(b)(4). 398 F.3d at 1107-09.

The Ninth Circuit held that the district court abused its discretion by granting the discretionary stay, explaining that if the antitrust action was stayed, the attorney general and the affected citizens would be harmed by the "ongoing illegal concentration of market power that threatens economic harm to electricity consumers." *Id*. at 1112. Meanwhile, the defendant would suffer no hardship or inequity if the litigation proceeded. *Id*. Notably, the Ninth Circuit explained that it was "highly doubtful that the bankruptcy court in Texas will provide a legal resolution" to the parties' antitrust dispute because the antitrust dispute was not likely to be included as part of the defendant's reorganization plan, and the state attorney general had not filed an adversary action in the Texas bankruptcy court. *Id*. The Ninth Circuit emphasized that the discretionary stay was "improper *in the circumstances of this case*—where the power of the district court to decide whether the automatic stay applies is clear, where the inapplicability of the automatic stay is also clear, and where the proceeding in the bankruptcy court is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Id*. at 1113 (emphasis added).

*Lockyer* does not prohibit the Court from issuing a stay here. Unlike in *Lockyer*, the *IBM* action and instant action share many factual and legal issues. And in *Lockyer*, the California attorney general was acting on behalf of the aggrieved citizens of California. In contrast, while the instant complaint is stylized as a class action, Plaintiffs have not yet achieved class status; the Plaintiffs here—that is, the actual Plaintiffs, not the non-party members of the putative class—will not be harmed by a stay of proceedings. *See Morales v. Lexxiom, Inc*., No. CV096549SVWDTBX,

7

2010 WL 11507515, at *12 (C.D. Cal. Jan. 29, 2010). Finally, the Ninth Circuit explicitly cabined its holding to the exceptional circumstances present in *Lockyer*.

Google has submitted sufficient evidence and argument to demonstrate that the harm to Vance is not significant enough to outweigh the other *Landis* factors. Because Vance is the plaintiff in both the instant case and in the *IBM* action, Google's request for a stay does not require that Vance's claims be litigated by another party. Any generalized risk of delayed litigation is minimized by the fact that the *IBM* action is moving quickly, with discovery set to end in July 2021, and therefore any delay will likely be minimal. *See Aliphcom*, 154 F. Supp. 3d at 938 ("[A]ny generalized risk of delayed litigation is minimized by the fact that the ITC proceeding is moving forward on a comparatively expedited schedule[.]"). Moreover, Vance is currently actively engaged in discovery in the *IBM* action and Google is on notice of the need to preserve any additional evidence it may have. Google's assurances of evidence preservation are sufficient, and any failure to live up to the obligations it takes on will have significant negative effects on Google later in the litigation. While Vance contends that he will be harmed by the degradation of testimonial evidence, he has not identified any witnesses or areas of testimony that need to be preserved, nor has he requested a limited discovery carve out from the proposed stay. The Court credits Vance's concern regarding an indefinite stay, however, and finds it appropriate to limit the scope of Google's request to one year from the date of this Order—or sooner should the *IBM* action reach a quicker conclusion. *See Dependable Highway*, 498 F.3d at 1066 ("Generally, stays should not be indefinite in nature.").

In sum, the possibility that a stay will cause Vance harm is marginal.

**2. Possible Hardship or Inequity from Denying Stay**

The second *Landis* factor considers the possible harm that could arise from the case going forward. *CMAX*, 300 F.2d 265, 268. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity for purposes of a stay." *Hawai'i v. Trump*, 233 F. Supp. 3d 850 (D. Haw. 2017) (internal quotes omitted) (quoting *Lockyer*, 393 F.3d at 1112). Although it is not necessarily hardship for a party to "litigate similar claims on a mere two fronts" hardship may nonetheless occur where there is "the potential for inconsistent rulings and resulting

8

confusion." *Id.* at 854. Where a denial of stay would cause both parties to incur significant expenses on litigation that may be rendered moot, "the potential hardship from denying the stay weighs slightly in favor of granting it." *Lal v. Capital One Fin. Corp.*, No. 16-CV-00674-BLF, 2017 WL 282895 (N.D. Cal. Jan 23, 2017).

Google argues the instant case shares significant factual and legal questions with the *IBM* action, such as whether Vance's photos were included in the dataset allegedly used by Google and IBM, the nature of contractual agreements between Vance and IBM, whether IBM's actions violate BIPA, and whether Vance consented to the use of his photos. Mot. 8. To this end, Google explains that "given the overlap in the allegations and claims at issue, there is a significant risk of inconsistent rulings." *Id*. at 9 (citing *SST Millennium LLC v. Mission St. Dev. LLC*, No. 18-cv-06681-YGR, 2019 WL 2342277, at *5 (N.D. Cal. June 3, 2019)). Google also notes that a denial of stay will force it to engage in substantial third-party discovery that could be rendered moot by rulings in the *IBM* action. Mot. 8. Vance responds that Google "overstate[s]" the legal and factual overlap between the two cases," but concedes, "there is undeniably some preliminary overlap between IBM and this case." Opp'n 10. Vance also argues that "while Google seeks to stop this case in its tracks on the claim that it overlaps significantly with the *IBM* action, it has not sought to transfer venue to the Northern District of Illinois in order to consolidate this matter with the *IBM* action." *Id*. at 11.

This factor weighs in favor of staying the action. Although Google is not being asked to litigate on two fronts, it will nonetheless shoulder additional burdens if a stay is not granted. The differences between the *IBM* action and this action do not negate the presence of substantial overlapping factual and legal questions, which need not be litigated twice, causing burden to Google. The Court also highlights that many of the overlapping legal issues pose significant constitutional questions, increasing the risk of inconsistent rulings and confusion. Finally, without a stay there will be significant overlap in the discovery in both cases, creating additional expenses. *See Arris Enterprises LLC v. Sony Corp.*, No. 17-CV-02669-BLF, 2017 WL 3283937 (N.D. Cal. Aug. 1, 2017). Because significant discovery and litigation could be rendered moot by the *IBM* action, and because parallel proceedings could create inconsistent and confusing outcomes, the

9

potential hardship to Google weighs in favor of granting the stay.

### 3. Orderly Course of Justice

Judicial economy, which furthers the third *Landis* factor, is the primary basis courts consider when ruling on motions to stay. *Fuller v. Amerigas Propane, Inc.,* No. 09-2493 TEH, 2009 WL 2390358 at *2 (N.D. Cal. Aug. 3, 2009). "Duplication of case management tasks by multiple courts is not an economical use of judicial resources." *Id.* Preserving the resources of the court "will also preserve those of both parties involved while simultaneously allowing them to tailor discovery and avoid duplicative or unnecessary tasks." *Id.*

Vance argues that the divergent factual nature of the two actions requires "at most" informal discovery coordination. Opp'n 13. Google counters that judicial economy favors a stay because there are threshold questions across both cases, such as whether IBM collected Vance's biometric identifiers or information in violation of BIPA. Reply 10.

The Court agrees with Google. The factual issues to be resolved in both cases are similar and predicated on the issues in the *IBM* action as Vance must first establish that IBM wrongfully acquired and used Vance's biometric information in violation of BIPA. Compl. ¶ 55. In addition to the overlapping factual issues, there are overlapping constitutional questions raised by Google and IBM in their respective cases. *Vance v. Int'l Bus. Machines, Corp.,* No. 20 C 577, 2020 WL 5530134 at *6-7; Defendant Google LLC's Notice of Constitutional Question, ECF 36. Because there are predicate constitutional questions and predicate factual questions as to how IBM acquired the photographs at the heart of this case, judicial efficiency counsels that a stay is appropriate pending the resolution of issues in the *IBM* action. By allowing the Illinois court to resolve some of these overlapping issues, significant efficiencies are gained because the Court avoids issuing inconsistent rulings and expending unnecessary judicial resources on mooted issues.

Although there are no dispositive motion deadlines set in the *IBM* action, a one-year stay is appropriate as it will allow the *IBM* parties to complete discovery and provide them with a meaningful amount of time to resolve some of the overlapping issues. Because trial in the instant action is currently set for February 2023, the parties will have ample time to complete discovery

1 even in light of a one-year stay.

### B.  Motion to Dismiss

Google concurrently filed its Motions to Dismiss and to Stay. *See* ECF 33, 34. Google did not, however, indicate the order in which it preferred the Court consider the motions. The circumstances of this case counsel that the Court rule on the Motion to Stay first and terminate the Motion to Dismiss without prejudice to refiling after the stay if lifted. It appears likely that once the IBM Court rules on the overlapping legal and factual issues, Plaintiffs will choose to amend the Complaint in this action in order to move forward rapidly upon lifting the stay. Plaintiffs may identify additional theories or issues to litigate in this case with the benefit of the *IBM* action. It would be inefficient to use this Court's time to delve into the pleadings under these circumstances, particularly given that Google's Motion to Stay is broad. *See* Reply at 1. For these reasons, the Court TERMINATES the pending Motion to Dismiss.

## V.  ORDER

For the foregoing reason, the Court finds the *Landis* factors weigh in favor of a stay. The Court GRANTS Google's Motion to Stay and STAYS the case until February 12, 2022, or sooner should the *IBM* action be resolved before that date. The parties SHALL submit a joint status report to the Court within 14 days of the resolution of the *IBM* Action or on February 12, 2022, whichever is earlier. The Court TERMINATES the pending motion to dismiss at ECF 34.

**IT IS SO ORDERED.**

Dated: February 12, 2021

_____
BETH LABSON FREEMAN
United States District Judge

11