UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN VANCE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-04696-BLF<br><br>**ORDER EXTENDING STAY**<br><br>[Re: ECF No. 67] |

This is an action brought against Google LLC ("Google") for violation of the Illinois Biometric Information Privacy Act ("BIPA") and unjust enrichment for its alleged use of IBM's Diversity in Faces dataset, which allegedly contained Plaintiffs' Flickr photographs. *See* Complaint, ECF No. 1. On February 12, 2021, the Court stayed this action pending the resolution of *Vance v. International Business Machines, Corporation* ("IBM Action") before the U.S. District Court for the Northern District of Illinois, an earlier-filed action in which Plaintiffs brought BIPA and unjust enrichment claims against IBM for the alleged creation and dissemination of the Diversity in Faces dataset. No. 1:20–CV–0577, Second Amended Complaint, ECF No. 19; *see* Stay Order, ECF No. 66. The Court ordered the stay to last "until February 12, 2022, or sooner should the IBM Action be resolved before that date." Stay Order, ECF No. 66 at 11. The Court further ordered the parties to file a joint status report "within 14 days of the resolution of the *IBM* Action or on February 12, 2022, whichever is earlier." *Id.* at 11.

On February 11, 2022, the parties filed a Joint Status Report regarding the stay. *See* ECF No. 67. The parties informed the Court that while discovery in the IBM Action was set to close in July 2021 when the Court entered the stay, the court in the IBM Action has since scheduled fact discovery to close on April 8, 2022 and expert discovery to close on June 30, 2022 following

1    rulings on Plaintiffs' motions to compel. *See id.* at 3. Further, the parties indicated that deadlines
2    for amended pleadings, motions for summary judgment, and motions for class certification have not
3    been set in the IBM Action. *See id.*

4            The parties additionally informed the Court that in Plaintiffs' parallel action against
5    FaceFirst, Inc. in the Central District of California ("FaceFirst Action"), filed on the same day as
6    this action on July 14, 2020 and asserting similar claims, the court extended a stay of the action on
7    February 9, 2022 pending resolution of the IBM Action. *See id.* at 3 (citing *Vance v. FaceFirst,
8    Inc.*, No. 2:20–cv–6244, ECF No. 77). The court in the FaceFirst Action extended the stay because
9    it found that litigating the FaceFirst Action in parallel with the IBM Action at this point "would be
10   duplicative." *See id.* (quoting No. 2:20–cv–6244, ECF No. 77). The parties further informed the
11   Court that in Plaintiffs' parallel actions against Amazon.com, Inc. (*Vance v. Amazon.com, Inc.*, No.
12   2:20–cv–1084 (W.D. Wash.) ("Amazon Action") and Microsoft Corporation (*Vance v. Microsoft
13   Corp.*, No. 2:20–cv–1082 (W.D. Wash.) ("Microsoft Action")), which were not stayed pending the
14   IBM Action, the court recently struck summary judgment motions and class certification motions
15   without prejudice, pending additional discovery. *See id.*

16           Plaintiffs argue that the Court should not extend the stay because resolution of the IBM
17   Action is taking longer than the Court previously anticipated, including due to issues unique to IBM
18   like spoliation of evidence. *See id.* at 4. Plaintiffs further argue that the Microsoft and Amazon
19   Actions have been moving expeditiously and without prejudice to the defendants in those cases
20   based on the IBM Action, including because Plaintiffs produced all discovery obtained in the IBM
21   Action rather than forcing the defendants to seek it through third-party discovery. *See id.*
22   Additionally, Plaintiffs argue that the risk of inconsistent rulings is minimal because (1) there is no
23   real dispute that Plaintiffs' photographs appear in the Diversity in Faces dataset; (2) no party has
24   identified any contractual relationship between IBM and Plaintiffs; and (3) any extraterritoriality
25   analysis will vary for each defendant to Plaintiffs' actions. *See id.* at 4–5.

26           Google argues that the Court should extend the stay as the court did in the FaceFirst Action
27   because the factors the Court considered in granting the stay continue to favor the stay. *See id.* at 5.
28   First, Google argues that Plaintiffs will not be prejudiced by a stay because it has obtained and will

United States District Court
Northern District of California

continue to obtain significant discovery regarding the creation, content, and distribution of the Diversity in Faces dataset from IBM, and Google has agreed to take reasonable steps to preserve any relevant evidence in its possession. *See id.* at 5. Second, Google argues that it will be prejudiced if the stay is lifted, because it will have to engage in significant work duplicative of the IBM Action given the overlapping factual and legal questions, including third-party discovery of IBM and Flickr. *See id.* at 6. Third, Google argues that there is a significant risk of inconsistent rulings given the overlapping issues between this case and the IBM Action, including overlapping defenses and threshold questions as to the proper interpretation of BIPA. *See id.* at 6–7.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp..*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant or extend a stay, "the competing interests which will be affected by the granting or refusal to stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "Among these competing interests are [1] the possible damage which may result from the granting of the stay, [2] the hardship or inequity which a party must suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating the issues, proof, and questions of law which could be expected to result from the stay." *Id*.

The Court agrees with Google. Under the first stay factor, Plaintiffs have failed to point to any damage from an extended stay other than a further delay in the case, which courts generally consider to be insufficient on its own. *See, e.g.*, *Rembrandt Gaming Techs. LP v. Boyd Gaming Corp.*, No. 2:12–cv–00775–MMD–GWF, 2012 WL 6021339, at *2 (D. Nev. Dec. 3, 2012) (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y. 2011)). The mere fact that the IBM Action is taking longer than the Court anticipated a year ago is not enough to show damage from an extended stay. *See* Joint Status Report, ECF No. 67 at 4. Under the second and third stay factors, Google points to overlapping issues between the cases and the resulting risk of duplicative work and inconsistent rulings, while Plaintiffs point to undisputed and unique issues among the cases. *See id.* at 4–7. Given the significant overlap between this case and the IBM

1  Action, the Court finds there is likely to be substantial duplication in work by the Court and the
2  parties if the cases proceed in parallel at this stage. *See* Stay Order, ECF No. 66 at 10. Plaintiffs'
3  handpicked list of allegedly undisputed and unique issues fails to convince the Court otherwise. *See*
4  Joint Status Report, ECF No. 67 at 4–5.

5        Accordingly, the Court finds that a further six-month stay is appropriate to allow the IBM
6  Action parties to complete discovery and provide them a meaningful amount of time to resolve some
7  of the issues that overlap with this case. The Court hereby EXTENDS the stay until August 15,
8  2022, or sooner should the IBM Action be resolved before that date. The parties SHALL submit a
9  joint status report to the Court within 14 days of the resolution of the IBM Action or on August 15,
10 2022.

11 **IT IS SO ORDERED.**

13 Dated: February 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge

4