UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN VANCE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No.  20-cv-04696-BLF<br><br>**ORDER EXTENDING STAY**<br>[Re:  ECF No. 69] |

On August 15, 2022, the parties submitted a joint status report in which Defendant Google LLC ("Google") requested that the Court extend the stay in this case pending resolution of an action in the Northern District of Illinois. *See* Joint Status Report, ECF No. 69. Plaintiffs contest various issues underlying Google's request and the Court's prior stay orders, although Plaintiffs take no position on whether the Court should extend the stay. *See id.* at 6–7. Based on the below reasoning, the Court hereby EXTENDS the stay through February 27, 2023.

The above-captioned case is a privacy class action under the Illinois Biometric Information Privacy Act ("BIPA") based on Google's alleged receipt of the "Diversity in Faces" dataset from International Business Machines Corporation ("IBM"). Plaintiffs first sued IBM in the Northern District of Illinois on January 24, 2020. *See Vance v. Int'l Bus. Machines Corp.*, No. 1:20–cv–00577 (N.D. Ill.) (the "*IBM* Action"). On July 14, 2020, Plaintiffs filed the above-captioned action and actions against Amazon.com, Inc. ("Amazon") and Microsoft Corporation ("Microsoft") in the Western District of Washington and against FaceFirst, Inc. ("FaceFirst") in the Central District of California. *See Vance v. Amazon.com, Inc.*, No. 2:20–cv–1084 (W.D. Wash.) ("*Amazon* Case"); *Vance v. Microsoft Corp.*, No. 2:20–cv–1082 (W.D. Wash.) ("*Microsoft* Case"); *Vance v. FaceFirst, Inc.*, No. 2:20–cv–6244 (C.D. Cal.) ("*FaceFirst* Case").

On February 21, 2021, the Court stayed the above-captioned case pending the *IBM* Action, since the above-captioned case "shares significant factual and legal questions with the *IBM* action" and the harm to Plaintiffs from a stay was not significant enough to outweigh other factors. *See* Order, ECF No. 66. Further, the Court credited Plaintiffs' concerns regarding an indefinite stay, so it limited the stay to a year. *See id.* at 8. On February 14, 2022, the Court extended the stay an additional six months, finding that it was appropriate to allow the parties to the *IBM* Action to "complete discovery and provide them a meaningful amount of time to resolve some of the issues that overlap with this case," particularly given that Plaintiffs "failed to point to any damage from an extended stay other than a further delay in the case." *See* Order, ECF No. 68.

Per the Court's February 14, 2022 order, the parties filed a joint status report on August 15, 2022. The parties informed the Court that fact discovery is ongoing in the *IBM* Action. *See* Joint Status Report, ECF No. 69 at 3. In the *Amazon* and *Microsoft* Actions, no stay was requested, so the cases have proceeded and summary judgment motions have been fully briefed. *See id.* at 4. In the *FaceFirst* Action, the court recently extended the stay an additional six months. *See id.* at 3. The parties also included briefing in the joint status report regarding whether the Court should extend the stay in the above-captioned action given the pendency of the *IBM* Action. *See id.* at 4–7.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp..*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant or extend a stay, "the competing interests which will be affected by the granting or refusal to stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "Among these competing interests are [1] the possible damage which may result from the granting of the stay, [2] the hardship or inequity which a party must suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating the issues, proof, and questions of law which could be expected to result from the stay." *Id*. ("*Landis* factors").

In support of extending the stay in this case, Google argues that Plaintiffs will not be prejudiced if the stay remains in effect, because Plaintiffs are actively engaged in the *IBM* Action

2

1   and Google has agreed to take reasonable steps to preserve any relevant evidence in its possession. *See id.* at 4. Google further argues that a lift of the stay could bring about duplication of effort and inconsistent rulings among the various cases brought by Plaintiffs. *See id.* at 4–5. In response, Plaintiffs do not take a position on whether the Court should extend the stay in this case. *See id.* at 7. However, Plaintiffs do dispute Google's contentions in support of extending the stay. *See id.* at 5–6. Plaintiffs argue that since discovery is ongoing in the *IBM* Action and no discovery schedule has been set, any extended stay is likely to be open-ended. *See id.* at 6. Further, Plaintiffs argue that overlap between the above-captioned cases and any of Plaintiffs' other pending cases is minimal due to factual issues specific to each case. *See id.* at 67. Additionally, Plaintiffs argue that Google is prejudicing itself and Plaintiffs, because once any stay ends, "Google and Plaintiffs will be in the difficult position later of either dragging third-parties through discovery *again* or else adopting production and testimony from discovery in other cases in which Google chose not to participate." *See id.* at 6.

The Court agrees with Google. As the Court outlined in its prior orders, Google has adequately shown that the second and third *Landis* factors support staying this case pending the *IBM* Action. *See* ECF Nos. 66, 68. While there are of course factual differences between Plaintiffs' various cases since they involve different parties, the Court has already found that there is overlap in the facts and law at issue that are likely to create redundancies or discrepancies if the above-captioned case proceeds in parallel with the *IBM* Action. *See id*. Plaintiffs fail to provide sufficient detail of the factual differences between their various cases to indicate that the Court should reconsider its prior finding regarding case overlap.

Further, under the first *Landis* factor, the Court finds that Plaintiffs have again failed to show anything more than minimal prejudice from an extended stay. Plaintiffs now point to the fact that the parties may have to redo discovery in the above-captioned case if it is stayed or else fight about whether to import discovery from Plaintiffs' other cases. *See* Joint Status Report, ECF No. 69 at 6. Plaintiffs contend that discovery could be coordinated between this case and Plaintiffs' other cases if this case were not stayed. *See id.* The time savings of coordinated discovery pointed to by Plaintiffs are minimal, speculative, and outweighed by the time that will be wasted if overlapping

3

1  factual and legal issues are repeatedly litigated across Plaintiffs' cases.  *See* ECF Nos. 66, 68.
2  Accordingly, Plaintiffs have failed to show that prejudice from a stay outweighs the other *Landis*
3  factors, which support extending the stay.
4        Based on the above reasoning, the Court hereby EXTENDS the stay until February 27, 2023.
5  The parties SHALL submit a joint status report to the Court within 14 days of the resolution of the
6  *IBM* Action or on February 27, 2023, whichever comes first.  The final pretrial conference and trial
7  dates (ECF No. 52) are VACATED.  The case schedule will be reset upon lifting the stay.
8        **IT IS SO ORDERED.**

Dated:  August 25, 2022

_____
BETH LABSON FREEMAN
United States District Judge

4